■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY M. BURKHART JR., Appellant. [992 NYS2d 455]—

Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered February 4, 2013 in Clinton County, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted in October 2012 of criminal possession of a weapon in the third degree and rape in the third degree and was sentenced to lengthy terms of probation for both crimes. He was charged with violating the terms of his probation in November 2012 by failing to notify his probation officer that he had been ordered to move out of his approved residence and that he had been in contact with the police, by using the Internet to view pornography, and by failing to participate in substance abuse treatment. Defendant admitted to the violations, after which Supreme Court revoked his probation and resentenced him to an aggregate prison term of six years, to be followed by postrelease supervision of 10 years (*see* Penal Law § 70.30 [1] [d]). He now appeals, contending solely that the sentence imposed was harsh and excessive.

We disagree and affirm. Defendant's conviction arose from an incident wherein he forced himself upon a woman and then, brandishing a box cutter, prevented her from leaving. Supreme Court noted in resentencing defendant that it had initially been willing to show leniency, notwithstanding the serious nature of his crimes, because of his extremely difficult upbringing, mental health challenges and substance abuse issues. Defendant's immediate disregard of the terms of his probation led Supreme Court to the conclusion, however, that a lengthy prison term was necessary in order to protect the general public. Under these circumstances, we discern neither an abuse of discretion by Supreme Court nor the existence of any extraordinary circumstances that would warrant a reduction of the resentence in

the interest of justice (*see People v Long*, 47 AD3d 1130, 1130 [2008]; *People v Gurrola*, 43 AD3d 1230, 1231 [2007]).

Lahtinen, J.P., McCarthy, Egan Jr., Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.